UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| ISAAC MURIITHI BURTON THEURI MWANGI, | ) ) ) |
| Plaintiff, | ) Civil Action No. 5: 12-373-KKC ) ) |
| V. | ) ) |
| GEORGE BUSH, SR., et al., | ) **MEMORANDUM OPINION** ) **AND ORDER** ) |
| Defendants. | ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Isaac Muriithi Burton Theuri Mwangi is a resident of Lexington, Kentucky. Proceeding without an attorney, Mwangi has filed a civil complaint against former President George W. Bush, Sr. and "his family", as well as against MOI University in Eldoret, Kenya, and its sister universities. [R. 1]

Mwangi has also filed a motion to proceed *in forma pauperis*. [R. 2] The information contained in Mwangi's fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee and the $50.00 service fee. The Court will therefore waive payment of these fees pursuant to 28 U.S.C. § 1915(a)(1).

Shortly after filing his original complaint, Mwangi filed a motion to amend his complaint to include one additional claim and to correct clerical errors in the original. [R. 3] The Federal Rules of Civil Procedure permit plaintiff to amend his or her pleading once as a matter of right within twenty-one days after a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000). Because the Court has not yet ordered that the complaint be served upon the defendants, the Court will grant the motion. *Langford v. Caruso*, No.

11-CV-10219, 2011 WL 3348060, at *1 n.2 (E.D. Mich. Aug. 3, 2011); *Sublett v. White*, No. 5:12-CV-P106-R, 2012 WL 5400078, at *1 (W.D. Ky. Nov. 5, 2012).

Mwangi has filed a motion requesting that the Court appoint counsel to represent him in this case. [R. 4]  However, the Court will appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) to represent a *pro se* party in civil litigation only in exceptional circumstances. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). A court reviewing such a motion may consider the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), the ability of the plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006, and the movant's likelihood of success on the merits of the claim, *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009).  The Court has considered these factors and determined that this case does not present the kind of extraordinary circumstances which would warrant the appointment of counsel for the plaintiff at the expense of federal taxpayers, and Mwangi's motion will be denied.

The Court must conduct a preliminary review of Mwangi's complaint because he has been granted permission to proceed *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2).  A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  The Court evaluates Mwangi's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his amended complaint, Mwangi indicates that:

> This is an action for damages for violation of basic human rights, for the wrongful rape, for the torture necessitated, for the wrongful breach of personal privacy, for the purported professionalism as giving cause in carnal knowledge, for concerted attitude and its warranted assault on physical character, for labeling Abomination irrespective of physical liaison or contact, for indoctrination recourse on physical identity of above mentioned Plaintiff Isaac Mwangi under the treaties of the United States, the Law of Nations and the laws of the states of the United States and the doctrine of [pendent] jurisdiction.

[R. 3-1, p. 3]  Mwangi's complaint is difficult to decipher, but he indicates that between 1994 and 1999 he was a student in the Cultural Studies program at MOI University in Kenya.  [R. 3-1, p. 4] Mwangi states that he came to the United States in 2003, and became a naturalized United States citizen in 2008.  [R. 3-1, p. 5]  Mwangi's complaint is predicated upon his allegations that:

> 13. President George Bush Snr and family supposedly consensus approaching and offering their sibling Ms. Barbara Bush as bride to an unknowing plaintiff and as moderated in Kenya by Moi University's initiated unwarranted abuse and harassment.
>
> 14. The Plaintiff at his appointment with JAB's offices in July 1993 was severely sexually assaulted by President George Bush [Sr.] only to immediately attempt to direct a supposed professional JAB for Plaintiff's student preferential admission status unaware of and irrespective of JAB's procedures and guidelines.
>
> 15. In furtherance of president George Bush [Sr.] decisions and actions as professional and sovereign, part and parcel of American Constitutional Scheme, defendant Moi University through Mr. John Obilo in his leadership role as professor in January of 1996 included and persisted calls for continuation of literal and physical abuse from fellow students against Plaintiff and his claim to non physical involvement.

[R. 3-1, pp. 6-7] Mwangi also indicates that Barbara Bush again visited MOI University on May 31, 1994, [R. 3-1, pp. 9-10] although it is unclear how this fact relates to plaintiff's claims.

Mwangi asserts five causes of action, including that:  (1) officials at MOI University labeled him an "abomination" [R. 3-1, pp. 11-12]; (2) the defendants "converted" his legal person into an

3

abomination and committed assault and battery upon him [R. 3-1, pp. 13-15]; (3) the defendants caused or facilitated the intentional infliction of emotional distress upon him [R. 3-1, pp. 15-16]; (4) the defendants failed to prevent or terminate human rights violations [R. 3-1, pp. 16-19]; and (5) the defendants violated the law of nations through their conduct. [R. 3-1, pp. 20-21]

Mwangi asserts that his claims arise directly under the Constitution of the United States, Art. II, § 2, cl. 1 and Art. VI, cl. 2; the Alien Tort Statute, 28 U.S.C. § 1350; the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; 8 U.S.C. § 1252(c); as well as "other pertinent declarations, documents, and practices constituting the customary International law of human rights and the law of nations," including "the U.N. Charter; the Universal Declaration on Human Rights; the U.N Declaration against torture ..." [R. 3-1, p. 4] Mwangi asserts that the Court possesses jurisdiction over his claims under the Alien Tort Statute, 28 U.S.C. § 1350; 3 U.S.C. §§ 301-03; the All Writs Act, 28 U.S.C. § 1651; the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02; and 10 U.S.C. § 920. [R. 3-1, p. 3]

Having reviewed the complaint, the Court concludes that it must be dismissed for failure to state a claim. The constitutional provisions cited by the plaintiff - Art. II, § 2, cl. 1 (designating the President as the Commander in Chief) and Art. VI, cl. 2 (the Supremacy Clause) - do not expressly provide or permit the inference that a private cause of action to enforce them exists. *Cf. Alexander v. Sandoval*, 532 U.S. 275 (2001). The Declaratory Judgment Act provides only an ancillary form of relief in a pre-existing cause of action; it creates no substantive rights itself. *Matthews Intern. Corp. v. Biosafe Engineering, LLC*, 695 F.3d 1322, 1327-28 (Fed. Cir. 2012). Similarly, a federal court's authority under the All Writs Act is limited to actions taken in furtherance of orders issued in a case where jurisdiction is already established. *Thorogood v. Sears, Roebuck and Co.*, 624 F.3d 842, 844 (7th Cir. 2010). And none of the allegations contained in the plaintiff's complaint suggest

4

the relevance or support the applicability of 3 U.S.C. §§ 301-03 (authorizing the President to delegate certain functions); 8 U.S.C. § 1252(c) (precluding judicial review of orders of removal predicated upon the commission of certain criminal offenses); or 10 U.S.C. § 920 (defining "rape" and "carnal knowledge" for purposes of the Uniform Code of Military Justice).

Mwangi also asserts tort claims for assault, battery, and the intentional infliction of emotional distress, which he attempts to pursue under the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"). That section provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." Mwangi's attempt to invoke the ATS must fail for three reasons.

First, Mwangi indicates that he is currently a naturalized United States citizen, and thus is not an "alien" who may file suit under the ATS. *Al-Aulaqi v. Obama*, 727 F. Supp. 2d 1, 38 (D.D.C. 2010); *Mohamad v. Rajoub*, 664 F. Supp. 2d 20, 21 n.1 (D.D.C. 2009), *aff'd*, 634 F.3d 604 (D.C. Cir. 2011), *aff'd*, ___ U.S. ___, 132 S. Ct. 1702 (2012); *Wiwa v. Royal Dutch Petroleum Co.*, 626 F. Supp. 2d 377, 389 (S.D.N.Y. 2009).

Second, Mwangi alleges that the events giving rise to the claims asserted in the complaint occurred in 1993 and 1994. The Sixth Circuit has concluded that the ten-year statute of limitations period applicable to claims pursued under the Torture Victims Protection Act also applies to claims under the ATS. *Chavez v. Carranza*, No. 06-6234, 2009 WL 670022, at *1-3 (6th Cir. Mar. 17, 2009). It is true that "[t]he statute of limitations should be tolled during the time the defendant was absent from the United States or from any jurisdiction in which the same or similar action arising from the same facts may be maintained by the plaintiff ...," *id*. at 3-4 (*quoting* S. Rep. No. 102–249, at 10–11 (1991)). Even assuming (without deciding) that the courts of Kenya were incapable of

5

providing Mwangi with an adequate legal remedy for his claims, he came to the United States in 2003, and has not suggested that any impediment prevented him from filing suit in the decade following his emigration. His claims are therefore time barred.

Finally, even if this were not so, the Supreme Court has recently concluded that the ATS only authorizes the exercise of subject matter jurisdiction over claims predicated upon tortious conduct occurring within the United States, and not to conduct occurring in foreign territory. *Kiobel v. Royal Dutch Petroleum Co.*, ___ U.S. ___, 133 S.Ct. 1659, 1669 (Apr. 17, 2013). Because all of the conduct which provides the basis for Mwangi's claims occurred in Kenya, the Court lacks jurisdiction under the ATS to reach it.

Accordingly, **IT IS ORDERED** that:

1. Mwangi's motion for leave to proceed *in forma pauperis* [R. 2] is **GRANTED** and payment of the $350.00 filing fee and the $50.00 service fee are **WAIVED**.

2. Mwangi's motion for leave to file an amended complaint [R. 3] is **GRANTED**, and his tendered Amended Complaint [R. 3-1] shall be **FILED** into the record.

3. Mwangi's motion for the appointment of counsel [R. 4] is **DENIED**.

4. Mwangi's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

5. The Court will enter an appropriate judgment.

6. This matter is **STRICKEN** from the active docket.

Entered this 18th day of June, 2013.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**